United States District Court
Northern District of Ohio
Eastern Division

| | |
|---|---|
| Madeline McCabe and John Blair, | Case no. |
| and any plaintiffs added by amendment or substitution, | |
| individually and on behalf of all others similarly situated, | Judges |
| Plaintiffs | |
| v. | |
| Nationstar Mortgage LLC d/b/a Mr. Cooper now d/b/a/ Rocket Mortgage, | **Class Action complaint** |
| Defendant | |

### [Subject Matter Jurisdiction]

1. The Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332, 1441, etc. gives this Court jurisdiction because the named Plaintiffs are citizens of Ohio which is a state different from where

Defendant is a citizen (Texas or Delaware), the amount-in-controversy is over $5 million, and the class has at least 100 members.

2. A related case, *Washington, etc. v. Nationstar etc.*, Case No. 22-cv-1392 (N.D. Ohio), is pending here which seeks the same relief for the same class.

**[Class Action Allegations]**

3. The named Plaintiffs Madeline McCabe and John Blair and any plaintiffs added by amendment or substitution ("Plaintiffs") bring and maintain this action on behalf of themselves and the following class:

> Everyone who was charged (or whose escrow or other account was charged) by Nationstar Mortgage LLC or Mr. Cooper or Rocket Mortgage (or any predecessor, successor, nominee, or agent of either) any "Third Party Reconveyance Preparation Fee," "3rd Party Reconvey/Release Prep Fee," or similar fee, in relation to any mortgage or mortgages recorded within any of the following 36 jurisdictions (jurisdictions that require lenders to release satisfied mortgages and do not provide for the charging of other than actual government recording fees): Alabama, Arizona, Arkansas, Connecticut, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Massachusetts, Mississippi, Montana, Nebraska, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma,

South Dakota, Tennessee, Texas*, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, and Wyoming. (* Texas does not have a law about mortgage releases but also does not have one allowing fees for releases.)

4. "Third Party Reconveyance Preparation Fee," "3rd Party Reconvey/Release Prep Fee," or similar fee is referred to below as "third-party-release-preparation fee."

5. For purposes of this Complaint and litigation, the term "mortgage" also includes anything related to being a deed of trust, security deed, or anything else related to or referring to any kind of real estate security interest, trust, and so forth securing or related to any kind of loan, note, or other debt.

6. This Court should certify this as a class action—including the above class and class members—in part because:

- There are so many people in the class—for example, alleged by Defendant in ¶ 15 of its Notice of Removal in a related case, *Washington, etc. v. Nationstar etc.*, Case No. 22-cv-1392 (N.D. Ohio), to be more than 100, and indicated in Exhibit 5 of that Notice of Removal to be at least 787,935 ("787,935 Nationstar [customer] accounts

3

were charged a third party reconveyance preparation fee based on [the described] criteria for a total of $15,642,786 in fees collected")—that joinder of all class members is impracticable.

- There are questions of law or fact common to the class.
- Plaintiffs' claims are typical of the class's.
- Plaintiffs will fairly and adequately protect the class's interests. Plaintiffs have no interests antagonistic to or in conflict with those of the class and are represented by qualified counsel.
- Fed. R. Civ. P. 23(b)(3): Questions of law or fact common to the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, for reasons including:

    (a) joinder of all members is impracticable,

    (b) this case has questions common for all class members, and

4

      (c) most class members can only get small relief—making it unlikely they can effectively prosecute individual cases themselves.

7. Questions of law and fact common to the members of the class—which predominate over any questions affecting only individual members—include, for example: Was Defendant as servicer and escrow agent/escrowee required to give class members accurate statements of the "total amount to pay loan in full" that did not include $20 third-party-release-preparation fees, and did Defendant wrongly charge those amounts to class members or deduct those amounts from class members' escrow or other accounts or otherwise wrongly get this money from Plaintiffs and the class?

**[some other allegations that entitle Plaintiffs and the class to relief]**

8. The 36 jurisdictions mentioned above required and require lenders or mortgagees to release satisfied mortgages, and did not and do not provide for the charging of fees for this—other than for actual government recording fees (which is not an issue

5

here).

9. Named Plaintiff Madeline McCabe received her right-to-sue here as a distribution from an Estate which was or is a class member in the related case of *Washington, etc. v. Nationstar, etc.*, Case No. 1:22-cv-1392 (N.D. Ohio). When or after the Estate paid off a mortgage loan in 2022, the Estate and its escrow or other account with Defendant were wrongly charged by Defendant (which was its servicer and escrow agent/escrowee) a $20 third-party-release-preparation fee in relation to a mortgage recorded in Ohio, in connection with account number 0645773912. (These allegations refer to this as happening directly to or in relation to Plaintiff Madeline McCabe.)

10. When or after named Plaintiff John Blair paid off a mortgage loan in 2024, he and his escrow or other account with Defendant were wrongly charged by Defendant (which was his servicer and escrow agent/escrowee) a $20 third-party-release-preparation fee in relation to a mortgage recorded in Ohio, in connection with account number 0729996264.

11. The other class members and their escrow or other accounts were also wrongly charged by Defendant similar to what is described above and below, in relation to mortgages recorded in the following 36 jurisdictions (jurisdictions that require lenders to release satisfied mortgages and do not provide for the charging of other than actual government recording fees): Alabama, Arizona, Arkansas, Connecticut, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Massachusetts, Mississippi, Montana, Nebraska, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, South Dakota, Tennessee, Texas*, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, and Wyoming.

* Texas does not have a law about mortgage releases but also does not have one allowing fees for releases.

12. Defendant's parent's SEC filings said it originated some loans (which were sold), was a servicer or sub-servicer, most of its assets were "servicing rights," and its only loans were "mortgage loans held for sale." Defendant owned and owns very

7

few mortgage loans it services and almost none (if any) when paid off.

13. Defendant did not provide accurate statements of the total outstanding balances that would be required for Plaintiffs' and the class's loans to be paid in full as of a specified date, but instead wrongly added third-party-release-preparation fees to what it wrote were the balances due, and Plaintiffs and the class were injured by paying the inflated payoff amounts (inflated by improper third-party-release-preparation fees) which were received by Defendant as Plaintiffs' and the class's servicer and escrow agent/escrowee and then wrongly charged to them or deducted from their escrow or other accounts by Defendant.

14. As a result, Plaintiffs' and the class's mortgage loans were paid in full but, in addition, Plaintiffs' and the class's escrow or other accounts had balances in the amounts of the third-party-release-preparation fees remaining (or that should have remained), which money was within Defendant's control. Defendant wrongly transferred this money to itself or used it for its own benefit.

### [more about Defendant as escrow agent and escrowee, etc.]

15. Defendant's parent's SEC filings defined "servicing" to include "maintaining escrow accounts."

16. Defendant maintained escrow accounts for Plaintiffs and the class.

17. Defendant as escrow agent and escrowee for Plaintiffs and the class received money from Plaintiffs and the class—including receiving money into and paying it out of Plaintiffs' and the class's escrow and other accounts.

18. Defendant as escrow agent and escrowee placed itself in a quasi-contractual relationship and/or a position of trust and confidence for collection and payment of money related to Plaintiffs' and the class's loans and mortgages.

19. Defendant did not have title to or property rights in this money—including the escrow and other accounts or the money in them—which were not assets of Defendant (and, for example, not assets on Defendant's balance sheet).

20. Defendant was a constructive trustee for Plaintiffs and the class—and Plaintiffs' and the class's money was legally segregated trust funds and not regular commingled banking deposits, and was not allowed to be commingled with Defendant's general funds.  Defendant could not hold the overcharges or the escrow or other deposits for its own benefit but instead had to hold them for the benefit of Plaintiffs and the class.

### [relief theories of debt, quasi-contract, etc.]

21. Defendant owes each of the alleged $20 or other amounts to Plaintiffs and the class as a debt in part because a debt existed and exists for that money under a quasi-contractual, other unwritten contractual, or *de facto* contractual relationship, or other debt theory.

### [some other relief theories—unjust enrichment etc.]

22. Defendant wrongly received from Plaintiffs and the class the money, and holds the money, which belongs to Plaintiffs and the class in equity and good conscience.  It is unjust for Defendant to keep the money; the money is held by Defendant as a constructive, resulting, or *de facto* trustee or fiduciary, or

otherwise; and in equity and good conscience Defendant must pay the money back to Plaintiffs and the class.

**Plaintiffs respectfully request on behalf of themselves and the class:**

    1.    Certification of this case as a class action (with the above class definition) under Fed. R. Civ. P. 23.

    2.    Damages in the amounts of the improper receipts, charges, deductions, takings, and otherwise—and a judgment that Defendant must pay them back to Plaintiffs and the class; and for an accounting—and restitution and distribution to the class—of all such amounts, at Defendant's expense.

    3.    Constructive trust and restitution—including for unjust enrichment, money-had-and-received, and overcharges—in the amounts of the alleged improper receipts, charges, deductions, takings, or otherwise.

    4.    Other restitution.

    5.    Pre-judgment interest.

    6.    Costs.

    7.    Whatever further relief the Court decides, and if

Defendant claims Plaintiffs are not seeking enough or for a not-expansive-enough class and Defendant expressly wants to pay more (to be approved by the Court) to an expanded class, then judgment for more would be accepted, including for an expanded class.

                                                */s/ Brian Ruschel*
                                                Brian Ruschel
                                                Ohio Bar No. 46631
                                                1701 E 12 St Apt 23B
                                                Cleveland OH 44114
                                                Telephone: 216-621-3370
                                                E-mail: bruschel@aol.com

                                                Attorney for Plaintiffs